UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REGINA HAWKINS BURKHOLDER,   )<br>Plaintiff,  )<br>)<br>-vs-  )<br>)<br>KILOLO KIJAKAZI,  )<br>Acting Commissioner of Social Security,  )<br>)<br>)<br>Defendant.  )<br>_____  ) | Civil Action No.: 4:21-cv-02998-TER<br><br><br>ORDER |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for supplemental security income(SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

**A.     Procedural History**

Plaintiff filed an application for SSI on November 8, 2019, alleging inability to work since February 24, 2017. (Tr. 14). Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on April 29, 2021, at which time Plaintiff and a VE testified. (Tr. 14). The Administrative Law Judge (ALJ) issued an unfavorable decision on May 26, 2021, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 14-25). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on August 31, 2021, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3). Plaintiff

filed this action in September 2021. (ECF No. 1).

**B.     Introductory Facts**

Plaintiff was born on September 1, 1972, and was forty-seven years old on the date the application was filed. (Tr. 23). Plaintiff has past relevant work as a sales clerk. (Tr. 23). Plaintiff alleges disability due to bulging disc in lower back, herniated disc in lower back, degenerative disc disease, COPD, depression, anxiety, and acid reflux. (Tr. 103-104). Pertinent records will be discussed under the relevant issue headings.

**C.     The ALJ's Decision**

In the decision of May 2021, the ALJ made the following findings of fact and conclusions of law (Tr. 14-25):

1. The claimant has not engaged in substantial gainful activity since November 8, 2019, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 416.967(a) except she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can perform frequent but not constant handling and fingering with the bilateral upper extremities. She can occasionally reach overhead. She should avoid concentrated exposure to hazards such as unprotected heights and moving machinery.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on September 1, 1972 and was 47 years old, which is

       defined as a younger individual age 45-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 8, 2019, the date the application was filed (20 CFR 416.920(g)).

## II. DISCUSSION

Plaintiff argues the ALJ failed to properly consider a prior unfavorable decision in accordance with *Albright*. Plaintiff argues the ALJ erred in formulating the RFC as to reaching. Defendant argues the ALJ's analysis here was sufficient, was in accordance with the applicable law, and Plaintiff has failed to show that the ALJ's decision is not based on substantial evidence.

**A.     LEGAL FRAMEWORK**

    **1.     The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12

consecutive months.  42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions.  *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims).  An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA.  *See* 20 C.F.R. § 404.1520.  These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis.  If a decision regarding disability may be made at any step, no further inquiry is necessary.  20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do.  The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity.  20 C.F.R. § 404.1525.  If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment.  20 C.F.R. § 404.1520(a)(4)(iii).  To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria."  20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the

evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

**Prior Unfavorable Decision**

Plaintiff argues the ALJ failed to properly consider a prior unfavorable decision.

Acquiescence Ruling 00-1(4) applies in cases where a claimant files a subsequent disability claim. An ALJ considering whether a claimant is disabled during an un-adjudicated period must consider a prior finding as evidence and give that finding "appropriate" weight in light of the attendant facts and circumstances. In determining the appropriate weight to assign such a finding, the following factors are provided for in the Ruling: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a

claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provided a basis for making a different finding with respect to the period being adjudicated in the subsequent claim. The Ruling advises an ALJ to consider all relevant facts and circumstances on a case-by-case basis. The Ruling also provides that where the prior finding is more remote in time, for example as in *Albright* where nearly three years had passed, the ALJ should give less weight to that finding than to a prior finding that is closer in time, as in *Lively*, such as a few weeks.

>In the RFC narrative, the current ALJ here stated:

>In compliance with the *Albright* Acquiescence Ruling, the undersigned has considered the prior administrative law judge (ALJ) decision from February 28, 2017 (B1A). The prior ALJ decision found the claimant could perform at a sedentary exertional level with attendant limitations (B1A). However, because medical conditions ebb and flow with treatment and the passage of time,[3] the undersigned considered the prior decision but found it unpersuasive.

(Tr. 23). The prior decision was nearly four years before the current ALJ's findings. Here, the relevant period begins in November 2019. (Tr. 25). The period before the prior ALJ does not overlap with the period before the current ALJ. The prior decision covered records, limitations, and conditions from November 2012 to February 2017. (Tr. 77-78). While the ALJ did not provide a lengthy explanation, the ALJ did note the factors of passage of time, the ebb and flow of treatment and conditions, and acknowledged what the prior RFC limitation was, showing consideration of the prior findings. At the beginning of the opinion, several pages before the RFC, the ALJ noted how AR 00-1(4) worked:

---

[3] AR-00-1(4) considers the passage of time as to the relevancy of a prior decision to a subsequent claim.

> The Fourth Circuit concluded that when adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. In determining the weight to be given such a prior finding, the undersigned has considered such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim (Acquiescence Ruling 00-1 (4); *Albright v. Commissioner of the Social Security Administration*, 174 F.3d 473 (4th Cir. 1999) (interpreting *Lively v. Secretary of Health and Human Services*)).

(Tr. 14). For the relevant period before the ALJ, the ALJ discussed a number of records relating to Plaintiff's conditions as of November 2019 forward. (Tr. 14-23). While some impairments, like COPD, anxiety, and depression, were found severe several years before 2019, the current ALJ cited to a number of exhibits and discussed that COPD was in past history and exams were generally benign, except for rare wheezing–noting Plaintiff continued to smoke. (Tr. 17). The current ALJ discussed depression and anxiety as nonsevere and performed a paragraph B analysis citing a number of exams and conservative treatment via medication. (Tr. 17-18).

The ALJ here appropriately considered the prior ALJ decision as evidence, assigned a weight to that evidence as unpersuasive, and briefly[4] explained the finding. The ALJ cited to substantial evidence for the relevant period to support the severity of impairments and the RFC limitations found.

---

[4] "An ALJ does not have to explicitly discuss each factor or state the weight given to each previous finding in order to comply with AR 00-1(4); rather, it must be clear that the ALJ considered the previous determination when evaluating the entire record." *Pender v. Kijakazi*, No. 5:20-CV-228-RJ, 2021 WL 5967555, at *4 (E.D.N.C. Dec. 15, 2021).

**RFC**

Plaintiff argues the ALJ erred in formulating the RFC as to reaching. Plaintiff argues that there should have been a limitation for all reaching not just overhead reaching.

An adjudicator is solely responsible for assessing a claimant's RFC.  20 C.F.R. § 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments.  Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7.  "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  *Id.*   Additionally, "'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'"  *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).  The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision.  *See Craig*, 76 F.3d at 595.

The RFC determination included a limitation to occasionally reaching overhead and frequent handling/fingering. (Tr. 20).  The ALJ considered Plaintiff's testimony that pain from her upper back shoots down into her arms and hands and her allegation that she uses two hands to hold a gallon. The ALJ noted Plaintiff's testimony that she has pain when she reaches out in front or when reaching overhead. The ALJ considered Plaintiff testified her shoulders hurt, her left hand loses strength when

9

she tries to pick something up, and she has numbness in her left hand and arm due to carpal tunnel. Plaintiff testified she can hold a drink for five minutes before having to set it down. (Tr. 21). The ALJ found that Plaintiff's statements about the intensity, persistence, and liming effects of her symptoms were not entirely consistent with the evidence. (Tr. 21). The ALJ discussed the EMG/NCV that showed left carpal tunnel and imaging of shoulders that were normal, citing exhibit pages. (Tr. 21-22). The ALJ noted the most recent exam showed tenderness in right upper extremity with full range of motion. (Tr. 22). The ALJ noted reports of activities like driving, preparing food, and babysitting three grandchildren.[5] (Tr. 22). The ALJ noted Plaintiff did not comply with recommended treatment and Dr. Barnhill noted Plaintiff was not seeking treatment in a manner that was consistent given her alleged pain symptoms. (Tr. 20). The same referenced note stated Plaintiff was buying medication off the street and doctor shopping. (Tr. 22, 993). The ALJ found that the RFC accommodated Plaintiff's symptoms with only the limitations given because there was a lack of more severe findings upon exam and because of Plaintiff's own admissions of functionality. (Tr. 22). The ALJ found Plaintiff more limited than the state agency consultants by finding sedentary instead of light and balanced the more severe objective diagnostic imaging with the less severe exam findings. (Tr. 23). The opinions of record found the only reaching limitation was overhead, stating this was due to cervical stenosis. (Tr. 113).

An RFC is an administrative finding of fact. SSR 96-8P, 1996 WL 374184, *2. The ALJ supported the functional limitations found in the ALJ's RFC determination with discussion and citation to substantial evidence in the record. An RFC is "an administrative assessment made by the Commissioner based on all the relevant evidence in the case record." *Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)). The court does not

---

[5] These are appropriate considerations. *See Caulkins v. Kijakazi*, 2022 WL 1768856, at *3 (4th Cir. June 1, 2022)(unpublished).

reweigh the evidence. *See Johnson v. Saul*, No. 5:20-cv-47-KDW, 2021 WL 717250, at *10 (D.S.C. Feb. 24, 2021)("Even if the evidence highlighted by Plaintiff could support a different result, the court's role is not to second-guess the ALJ's findings.") Where there are two reasonable views of the conflicting evidence, the responsibility falls on the ALJ and it is not the court's duty to decide between them. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). The court cannot say that a reasonable mind would not reach this RFC in view of the totality of the evidence. Based upon the foregoing, substantial evidence supports the ALJ's RFC.

### III.  CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, Plaintiff has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.

December 9, 2022
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge